UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JESSICA DEGROOT,

        Petitioner,                Case Number: 1:19-cv-12531
                                                      Honorable Thomas L. Ludington

v.

SHAWN BREWER,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDING AND HOLD PETITION IN ABEYANCE

Michigan state prisoner Jessica DeGroot filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her manslaughter conviction for which she is serving a sentence of ten to fifteen years. She has now filed a motion to stay the petition and hold it in abeyance pending exhaustion of a claim of ineffective assistance of counsel.

**I.**

Petitioner was charged in Kalkaska County Circuit Court with open murder for the death of her father at the hands of her husband. On July 5, 2017, she pleaded guilty to manslaughter and agreed to testify against her husband in exchange for dismissal of the open murder charge. *See* 7/5/2017 Plea Tr. (ECF No. 11-6). On August 8, 2017, the trial court sentenced Petitioner to ten to fifteen years imprisonment.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, claiming that her sentence was disproportionate in violation of *People v. Milbourn*, 435 Mich. 630 (1990), and the equal protection requirements of the Fifth and Fourteenth Amendments. The Michigan Court of Appeals denied her leave to appeal. *People v. DeGroot*, No. 342341 (Mich.

Ct. App. March 22, 2018) (ECF No. 11-8, PageID.146). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same arguments raised in the Michigan Court of Appeals. The Michigan Supreme Court denied Petitioner leave to appeal. *People v. DeGroot,* 503 Mich. 861 (Sept. 12, 2018).

Petitioner then filed the pending habeas corpus petition, raising the following claims: (i) she received an unreasonable sentence departure; (ii) the offense variables were scored incorrectly; (iii) her sentence violated *Apprendi, Alleyne,* and its progeny; and (iv) the legislature did not intend higher sentences for scores in excess of 75 points. ECF No. 1.

**II.**

Petitioner now asks the Court to stay the case while she exhausts state court remedies for an ineffective assistance of counsel claim not presented in state court on direct appeal.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a federal habeas petitioner to present all claims to the state courts before raising the claims in a habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1). To satisfy this exhaustion requirement, a prisoner must "invok[e] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court. *O'Sullivan*, 526 U.S. at 845, 847. In Michigan, a petitioner satisfies the exhaustion requirement by presenting claims to the Michigan Court of Appeals and Michigan Supreme Court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

A federal court may stay a federal habeas corpus proceeding pending resolution of unexhausted claims in state court. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of

discretion.") (citations omitted). But "a stay and abeyance should be available only in limited circumstances" because employing stay and abeyance too frequently "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* at 277. Under *Rhines*, to demonstrate entitlement to a stay, a petitioner must show the following: (1) good cause for failing to exhaust before filing a habeas petition; (2) that the unexhausted claim is not plainly meritless; and (3) that the petitioner has not engaged in intentionally dilatory litigation tactics. See *id.* at 277-78.

Petitioner has not alleged or established good cause for failing to exhaust her ineffective assistance claim before filing her habeas petition. Even if appellate counsel was ineffective during the direct appeal process, Petitioner offers no reason why she was unable to exhaust her claim on state-court collateral review before seeking federal habeas corpus relief. Petitioner's motion will be denied.

### III.

Accordingly, it is **ORDERED** that Petitioner's Motion to Stay Proceeding and Hold Petition in Abeyance, ECF No. 3, is **DENIED**.

Dated: March 11, 2020                    s/Thomas L. Ludington
                                         THOMAS L. LUDINGTON
                                         United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Jessica De Groot** #729477, HURON VALLEY COMPLEX – WOMENS, 3201 BEMIS ROAD, YPSILANTI, MI 48197 by first class U.S. mail on March 11, 2020.

                                            s/Kelly Winslow
                                            KELLY WINSLOW, Case Manager