UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JESSICA DEGROOT, # 729477,

        Petitioner,                            Case No. 1:19-cv-12531

v.                                             Honorable Thomas L. Ludington
                                                  United States District Judge

SHAWN BREWER,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

On August 28, 2019, Petitioner Jessica DeGroot, a Michigan state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging her manslaughter conviction for which she is serving 10 to 15 years' imprisonment. ECF No. 1. For the reasons stated hereafter, the Petition will be dismissed, a certificate of appealability will be denied, and Petitioner will be denied leave to appeal in forma pauperis.

**I.**

Petitioner was charged in the Kalkaska County Circuit Court with open murder for the stabbing death of her father, Michael Brandt, at the hands of her husband, Brian DeGroot. Brandt was stabbed seven times, with one stab wound almost severing his heart. *People v. DeGroot*, No. 344986, 2020 WL 1816005, at *1 (Mich. Ct. App. Apr. 9, 2020). On July 5, 2017, Petitioner pleaded guilty to manslaughter in exchange for dismissal of the open murder charge and under the condition that she would testify against her husband. *See* ECF No. 11-6 (Plea Tr.). In providing a factual basis for her plea, Petitioner admitted that she retrieved a crossbow for Brian DeGroot knowing that he intended to kill Brandt with it. *Id.* at PageID.130. She also retrieved the rug on

which Brandt was killed and in which his body was wrapped. *Id.* On August 8, 2017, the trial court sentenced her to 10 to 15 years' imprisonment.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. She claimed that her sentence was disproportionate in violation of *People v. Milbourn*, 461 N.W.2d 1 (Mich. 1990), and that it violated the equal protection requirements of the Fifth and Fourteenth Amendments. The Michigan Court of Appeals denied leave to appeal. *People v. DeGroot*, No. 342341 (Mich. Ct. App. Mar. 22, 2018).  Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same arguments raised in the Michigan Court of Appeals. The Michigan Supreme Court also denied leave to appeal. *People v. DeGroot*, 917 N.W.2d 51 (Mich. 2018).

Petitioner then filed the instant Petition, raising four grounds for relief: (1) unreasonable sentence departure, (2) incorrect scoring of offense variables, (3) violation of due process, and (4) violation of legislative intent.

**II.**

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

AEDPA "imposes a highly deferential standard for evaluating state-court rulings," and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id.* Moreover, for claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III.

Respondent argues that Petitioner's third and fourth claims are unexhausted. A prisoner is required to exhaust state remedies for a claim before presenting it in a federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A). But the court may address the merits of unexhausted claims that are plainly meritless. *Granberry v. Greer*, 481 U.S. 129, 131 (1987).

### A.

In her first claim, Petitioner argues that her sentence violates the Eighth Amendment's ban on cruel and unusual punishment and the Fourteenth Amendment's Equal Protection Clause.

In a summary order, the Michigan Court of Appeals denied this claim for "lack of merit in the grounds presented." *People v. DeGroot*, No. 342341 (Mich. Ct. App. March 22, 2018). A summary order like the one issued by the Michigan Court of Appeals is presumed to be an adjudication on the merits to which AEDPA deference applies. *See Harrington v. Richter*, 562 U.S. 86, 99–100 (2011). Petitioner offers no justification for overcoming the presumption that this claim was adjudicated on the merits, and this Court finds none. Thus, AEDPA's deferential standard of review applies.

### i.

The Supreme Court has held that "the Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). Courts reviewing Eighth Amendment proportionality must remain highly deferential to the legislature in determining the appropriate punishments. *United States v. Layne*, 324 F.3d 464, 473–74 (6th Cir. 2003) (citing *Harmelin*, 501 U.S. at 999). "In implementing this 'narrow proportionality principle,' the Sixth Circuit has

recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 Fed. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)). For sentences within the statutory limits, trial courts have wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949).

Petitioner's sentence falls within the statutory maximum for her offense. *See* MICH. COMP. LAWS § 750.321 (allowing up to 15 years for manslaughter). The trial court concluded that the gruesome nature of the crime and the assistance Petitioner provided collectively warranted a departure from the Guidelines. The trial court noted that the victim was cut, stabbed, had salt poured in his wounds and left to die over a long period of time. ECF No. 11-7 at PageID.143 (Sentencing Tr.). Given this record and the seriousness of Petitioner's crime, the Michigan Court of Appeals reasonably concluded that Petitioner's sentence was neither disproportionate nor cruel and unusual punishment. Habeas relief is denied.

### ii.

Petitioner also argues that her sentence violates the Equal Protection Clause. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV. This clause is "essentially a direction that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). An equal protection claim under the Fourteenth Amendment requires that a state actor's intentional discrimination is due to a person's membership in a protected class. *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987).

Petitioner does not provide any legal or factual basis for her equal protection claim, and this Court finds none. She does not allege that she was treated differently from other similarly

situated convicted felons, and she has not shown that she has been discriminated against due to her membership in a protected class. Therefore, she has not established an equal-protection violation.

## B.

In her second claim, Petitioner asserts that her right to due process was violated because she was sentenced based on inaccurate information. She also claims, in her second and third claim, that she was improperly sentenced based upon judge-found facts in violation of her Sixth Amendment rights.

### i.

With respect to her due process claim, Petitioner challenges the scoring of several offense variables. Specifically, she challenges the scoring of variable two, which concerns an offender's intent to kill or injure another individual, MICH. COMP. LAWS § 777.36; variable seven, which concerns aggravated physical abuse, *id.* § 777.37; and variable eight, which concerns asportation of the victim, *id.* § 777.32.

The Michigan Court of Appeals denied this claim in a one-sentence summary order to which this Court affords AEDPA deference. *See Harrington*, 562 U.S. at 99–100. Petitioner has failed to show that the Michigan Court of Appeals's decision was contrary to or an unreasonable application of federal law. "A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only." *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). And "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). So, Petitioner's claim that the trial court incorrectly scored multiple offense variables is not cognizable on federal habeas review.

**ii.**

Petitioner attempts to convert her sentencing claim into a cognizable federal constitutional claim by arguing that she was sentenced based on inaccurate information. It is true that a sentence based on "extensively and materially false" information that the defendant had no opportunity to correct may state a federal due-process violation. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). But that is not the issue here.

Petitioner does not dispute the accuracy of the facts relied upon by the trial court. Instead, she disputes the state court's *application* of the Guidelines to the facts. Moreover, she was given an opportunity to challenge the scoring of the Guidelines and the record shows that she challenged the scoring of the offense variables. Petitioner also presented her sentencing claims to the state appellate courts. She has not shown that the trial court imposed her sentence by relying upon materially false or inaccurate information that she had no opportunity to correct. No due process violation occurred.

**iii.**

Petitioner also challenges her sentence on the ground that it violates the Sixth Amendment. Under the Sixth Amendment, any fact that increases the maximum penalty for a crime must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The same requirement applies to any fact that increases a mandatory minimum. *Alleyne v. United States*, 570 U.S. 99, 111–12 (2013). In *People v. Lockridge*, the Michigan Supreme Court held that, under *Alleyne*, the mandatory application of Michigan's sentencing guidelines was unconstitutional. 870 N.W.2d 502, 518–19 (Mich. 2015). To remedy this violation, the Michigan Supreme Court made the sentencing guidelines advisory. *Id.* at 520–21.

Petitioner was sentenced after *Lockridge* was decided and the state sentencing guidelines were made advisory. Purely advisory applications of the sentencing guidelines do not violate the Sixth Amendment. *United States v. Booker*, 543 U.S. 220, 233 (2005). Moreover, here, the trial court departed upwards from the guideline range when sentencing Petitioner. The Supreme Court has never even suggested that judicial fact-finding in support of sentencing, as happened here, violates the Sixth Amendment. *See id.* at 232 ("If the Guidelines as currently written could be read as merely advisory provisions . . . , their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range."); *see also Reign v. Gidley*, 929 F.3d 777, 781 (6th Cir. 2019) ("But the constitutional error here was the mandatory application of the guidelines, not merely the consideration of judge-found facts."). Thus, the minimum range is immaterial, and Petitioner's Sixth Amendment claim is therefore meritless.

## C.

Finally, Petitioner challenges the state court's authority to exceed the Guidelines given that her offense-variable score exceeded 75 points. The highest OV level for the Class C grid applicable to Petitioner's offense was "75+." MICH. COMP. LAWS §§ 777.64, 777.16p. Petitioner's OV score of 145 was nearly double the amount necessary to place her in the highest category of offense severity. Thus, the sentencing court held that the Guidelines range did not adequately reflect the seriousness of her offense. ECF No. 11-7 at PageID.144. Petitioner argues that the trial court was not permitted to consider the amount that her OV score exceeded 75 points. But whether the trial court complied with Michigan's scoring process is a matter of state sentencing law and is therefore not cognizable on habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

**IV.**

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). When relief is denied on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the conclusion that the Petition fails to state a claim upon which habeas relief should be granted. Accordingly, a certificate of appealability will be denied.

**V.**

Accordingly, it is **ORDERED** that Petitioner's Petitioner for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED**.

Further, it is **ORDERED** that a certificate of appealability is **DENIED**.

Further, it is **ORDERED** that leave to proceed forma pauperis on appeal is **GRANTED**.

Dated: December 8, 2021                                s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge